# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CHARLES MONTAGUE, ) | |
| ) | Case No. 2:18-cv-148 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Cynthia R. Wyrick |
| ED GRAYBEAL, JR., JOHN DOE/JANE ) | |
| DOE, CAPT. LOWE, and WASHINGTON ) | |
| COUNTY, TENN., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Plaintiff is proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action brought under 42 U.S.C. § 1983. This matter is before the Court upon a *sua sponte* consideration of Plaintiff's *in forma pauperis* status, which the Court finds should be revoked.

### I.  APPLICATION OF "THREE STRIKES"

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff was granted permission to proceed *in forma pauperis* in this § 1983 action by order entered January 11, 2019 (Doc. 9). By that time, however, Plaintiff had previously brought at least three prior civil actions that had been dismissed as frivolous and/or for failure to state a claim upon which relief could be granted. (*See* Doc. 4 in, *Montague v. Schofield*, Case No. 2:14-cv-292 (E.D. Tenn. Jul. 19, 2016) (dismissing complaint for failure to state a claim upon which

relief may be granted); Doc. 4, in *Montague v. Warren*, Case No. 2:95-cv-392 (E.D. Tenn. Nov. 2, 1995) (dismissing complaint as frivolous)[1]); *Montague v. Corr. Corp. of Am.*, No. 3:10-CV-00443, 2010 WL 3853361, at *1 (M.D. Tenn. Sept. 30, 2010) (recommending dismissal of complaint for failure to state a claim), *report and recommendation adopted,* No. 3-10-0443, 2010 WL 4179942 (M.D. Tenn. Oct. 20, 2010).

Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges and that his motion to proceed *in forma pauperis* in this civil action was improvidently granted. Therefore, Plaintiff cannot proceed in the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The imminent-danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id*. at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies when the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012)).

Plaintiff was permitted to proceed in this action only on a claim that Defendants refused his requests to refill a prescription of Absorbase/Eucerin to treat a skin condition, which resulted

---

[1] The Court notes "that dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

2

in a worsening of his skin condition.  (Doc. 2, at 7; Doc. 11, at 2–3, 8, 11.)  Absorbase is a moisturizer used to treat dry skin and minor skin irritations.  *See, e.g.*, WebMD, *Absorbase Ointment*, https://www.webmd.com/drugs/2/drug-20229/absorbase-topical/details.  Plaintiff does not allege, nor does his complaint allow the Court to infer, that dry skin or a minor skin irritation is the sort of serious physical injury that the imminent-danger exception is designed to protect. *See, e.g.*, *Simpson v. Pramstaller*, No. 1:10-CV-260, 2010 WL 1433409, at *2 (W.D. Mich. Mar. 31, 2010) (finding skin rash is not condition threatening serious harm or death).  Therefore, the Court will **REVOKE** Plaintiff's *in forma pauperis* status and require him to remit the full filing fee to sustain this action.  *See Yaklich*, 148 F.3d at 603 (noting courts "have long been authorized to revoke a prisoner's ability to proceed *in forma pauperis* upon determining that the litigant was taking unfair advantage of IFP procedures").

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's *in forma pauperis* status is **REVOKED**;

2. Plaintiff must **PAY** the full $400 filing fee in this cause within fourteen (14) days of entry of this order; and

3. Plaintiff's failure to make payment of the full filing fee within fourteen (14) days of entry of this order will result in the **DISMISSAL** of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**