UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLES MONTAGUE, | ) | |
|---|---|---|
| | ) | Case No. 2:18-cv-148 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| ED GRAYBEAL, JR., JOHN DOE/JANE DOE, CAPT. LOWE, and WASHINGTON COUNTY, TENN., | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

This pro se prisoner's civil rights action asserting a violation of 42 U.S.C. § 1983 is before the Court, *sua sponte*, for consideration of dismissal.

On February 3, 2020, this Court entered an order revoking Plaintiff's *in forma pauperis* status pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and requiring Plaintiff to remit the full $400.00 filing fee to the Court within fourteen days. (Doc. 68.) On February 12, 2020, the Court received a fee payment of $100.00 from Plaintiff. (Doc. 69.) The Court has consulted with its financial department and has been advised that no other funds from Plaintiff have been received in satisfaction of the filing fee in this action.[1]

Section 1983 litigants who are not proceeding *in forma pauperis* must pay a total fee of $400.00 to file suit (350.00 filing fee and a $50.00 administrative fee). *See* 28 U.S.C. § 1914(a)–

---

[1] The Court previously received two payments from Plaintiff in partial satisfaction of the filing fee in a prior civil action filed by Plaintiff. *See Montague v. Schofield*, No. 2:14-cv-292 (E.D. Tenn.). Because Plaintiff must pay the filing fee in each separate civil action he initiates, his payments in the prior case are irrelevant to the satisfaction of the filing fee in this cause.

(b). This fee is due upon initiation of the suit. *See In re Alea*, 286 F.3d 378, 381–82 (6th Cir. 2002) (finding prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). The Court finds that Plaintiff has not paid the filing fee necessary to sustain this action, and accordingly, the instant action will be **DISMISSED WITHOUT PREJUDICE**. In light of the Court's ruling, Defendants' pending motions to dismiss (Docs. 56, 64) will be **DENIED AS MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

  **AN APPROPRIATE JUDGMENT WILL ENTER.**

              */s/ Travis R. McDonough*
              **TRAVIS R. MCDONOUGH**
              **UNITED STATES DISTRICT JUDGE**